# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

UNITED STATES OF AMERICA,

v.  Criminal Case No: 1:07cr4

ANGEL WIMBS,
          Defendant.

## OPINION/ REPORT AND RECOMMENDATION CONCERNING PLEA OF GUILTY IN FELONY CASE

This matter has been referred to the undersigned Magistrate Judge by the District Court for purposes of conducting proceedings pursuant to Federal Rule of Criminal Procedure 11. Defendant, Angel Wimbs, appeared before me in person and by counsel, Ernest Skaggs, on February 20, 2007. The Government appeared by Shawn Angus Morgan, Assistant United States Attorney.

Thereupon, the Court proceeded with the Rule 11 proceeding by asking Defendant's counsel what Defendant's anticipated plea would be. Counsel responded that Defendant would enter a plea of "Guilty" to a one-count Information. The Court then determined that Defendant's plea was pursuant to a written plea agreement, and asked the Government to tender the original to the Court. The Court then asked counsel for the Government to summarize the written Plea Agreement. Counsel for Defendant stated that the Government's summary of the Plea Agreement was correct. The Court ORDERED the written Plea Agreement filed.

The Court continued with the proceeding by placing Defendant under oath, and thereafter inquiring of Defendant as to her understanding of her right to have an Article III Judge hear her plea and her willingness to waive that right, and instead have a Magistrate Judge hear her plea. Defendant stated in open court that she voluntarily waived her right to have an Article III Judge hear her plea and voluntarily consented to the undersigned Magistrate Judge hearing her plea, and tendered to the Court a written Waiver of Article III Judge and Consent To Enter Guilty Plea Before

the United States Magistrate Judge, which waiver and consent was signed by Defendant and countersigned by Defendant's counsel and was concurred in by the signature of the Assistant United States Attorney appearing.

Upon consideration of the sworn testimony of Defendant, as well as the representations of her counsel and the representations of the Government, the Court finds that the oral and written waiver of Article III Judge and consent to enter guilty plea before a Magistrate Judge was freely and voluntarily given and the written waiver and consent was freely and voluntarily executed by Defendant, Angel Wimbs, only after having had her rights fully explained to her and having a full understanding of those rights through consultation with her counsel, as well as through questioning by the Court. The Court ORDERED the written Waiver and Consent filed.

Defendant thereafter stated in open court she understood and agreed with the terms of the written plea agreement as summarized by the Assistant United States Attorney during the hearing, and that it contained the whole of her agreement with the Government and no promises or representations were made to her by the Government other than those terms contained in the written plea agreement.

The undersigned Magistrate Judge further examined Defendant relative to her knowledgeable and voluntary execution of the written plea bargain agreement dated January 16, 2007, and signed by her on January 18, 2007, and determined the entry into said written plea bargain agreement was both knowledgeable and voluntary on the part of Defendant.

The undersigned Magistrate Judge inquired of Defendant and her counsel relative to Defendant's knowledge and understanding of her constitutional right to proceed by Indictment and the voluntariness of her Consent to Proceed by Information and of her Waiver of her right to proceed by Indictment, to which Defendant and her counsel verbally acknowledged their understanding and

Defendant, under oath, acknowledged her voluntary waiver of her right to proceed by Indictment and her agreement to voluntarily proceed by Information. Defendant and her counsel executed a written Waiver of Indictment. Thereupon, the undersigned Magistrate Judge received and ORDERED the Waiver of Indictment and the Information filed and made a part of the record herein.

The undersigned Magistrate Judge further inquired of Defendant, her counsel and the Government as to the non-binding recommendations in the written plea bargain agreement and determined that Defendant understood, with respect to the plea bargain agreement and to Defendant's entry of a plea of guilty to the felony charge contained in the Information, the undersigned Magistrate Judge would write the subject Report and Recommendation and tender the same to the District Court Judge, and the undersigned would further order a pre-sentence investigation report be prepared by the probation officer attending the District Court, and only after the District Court had an opportunity to review the subject Report and Recommendation, as well as the pre-sentence investigation report, would the District Court make a determination as to whether to accept or reject Defendant's plea of guilty or any recommendation contained within the plea agreement or pre-sentence report.

The undersigned Magistrate Judge further addressed the stipulation contained in the written plea bargain agreement, which provides:

> Pursuant to Sections 6B1.4 and 1B1.3 of the Guidelines, the parties hereby stipulate, and agree that, on or about July 25, 2006, at or near Clarksburg, Harrison County, West Virginia, the defendant, aided and abetted by other co-defendants, unlawfully, knowingly and intentionally possessing [sic] with the intent to distribute approximately 69.21 grams of cocaine base, also known as "crack" and approximately 27 grams of cocaine hydrochloride, also known as "coke." The parties further stipulate and agree that the defendant's total relevant conduct in this case is at least 50 grams but less than 150 grams of cocaine base.

The undersigned then advised Defendant, counsel for Defendant, and counsel for the United States, and determined that the same understood that the Court is not bound by the above stipulation and is not required to accept the above stipulation, and that should the Court not accept the above stipulation, Defendant would not have the right to withdraw her plea of Guilty to the one-count Information.

The undersigned Magistrate Judge further advised Defendant, in accord with Federal Rule of Criminal Procedure 11, in the event the District Judge rejected Defendant's plea of guilty, Defendant would be permitted to withdraw her plea and proceed to trial. However, Defendant was further advised if the District Court Judge accepted her plea of guilty to the felony charge contained in the one-count Information, Defendant would not be permitted to withdraw her guilty plea even if the Judge refused to follow the non-binding recommendations contained in the written plea agreement and/or sentenced her to a sentence which was different from that which she expected. Defendant and her counsel each acknowledged her understanding and Defendant maintained her desire to enter a plea of guilty.

The Court confirmed the Defendant had received and reviewed the one-count Information in this matter with her attorney. The undersigned reviewed with Defendant the statutory penalties applicable to an individual adjudicated guilty of the felony charge contained in the Information, the impact of the sentencing guidelines on sentencing in general, and inquired of Defendant as to her competency to proceed with the plea hearing. From said review the undersigned Magistrate Judge determined Defendant understood the nature of the charge pending against her; understood that the maximum sentence which could be imposed upon her conviction or adjudication of guilty on that charge was imprisonment for a term of at least five (5) years and not more than forty (40) years;

understood that a fine of not more than $2,000,000.00 could be imposed; understood that both imprisonment and fine could be imposed; understood she would be subject to three (3) years of supervised release; understood the Court would impose a special assessment of $100.00 for the felony conviction payable at the time of sentencing; understood that the Court may require her to pay the costs of her incarceration, the costs of community confinement and the costs of supervised release; understood that her actual sentence would be determined after a pre-sentence report was prepared and a sentencing hearing conducted; and further determined that Defendant was competent to proceed with the Rule 11 plea hearing.

The undersigned Magistrate Judge further examined Defendant with regard to her understanding of the impact of her conditional waiver of her direct and collateral appeal rights as contained in her written plea agreement and determined she understood those rights and voluntarily gave them up under the conditions as stated in the written plea agreement.

The undersigned Magistrate Judge further cautioned and examined Defendant under oath concerning all matters mentioned in Rule 11.

The undersigned then reviewed with Defendant the one-count Information, including the elements the United States would have to prove at trial, charging her with aiding and abetting other persons in unlawfully, knowingly and intentionally possessing with the intent to distribute five (5) grams or more of cocaine base, also known as "crack;" in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B), and title 18, United States Code, Section 2.

The Court then heard the testimony of Robert Cook and Defendant's under oath allocution as to why she believed she was guilty of the offense charged in the one-count Information.

Robert Cook testified that he is a sergeant with the City of Clarksburg, West Virginia, Police

Department, assigned to the Harrison County Drug Task Force. He was investigating an individual named Alonzo Grier during the summer of 2006. Law enforcement had made controlled buys from Grier and another individual from his house on Clay Street in Clarksburg. During the investigation, law enforcement learned Grier was a fugitive from the Pittsburgh area. This information led to Grier's arrest at the WalMart. He was with Ashley Stafford, who was not arrested at the time. Both Grier and Stafford are named in the same Indictment as Defendant. Law Enforcement received information that Grier had been at Stafford's residence at 310 Chestnut Street in Clarksburg just prior to his arrest. Grier had no drugs on his person at the time of his arrest. The police asked for and received Ashley Stafford's consent to search her residence. When police entered Stafford's residence, they saw Defendant lying on the floor within arm's reach of a tray which held 7.51 grams of cocaine base. There were also digital scales nearby, among other items.

Upon continuing the search, officers found baggies containing cocaine and marijuana under the blanket upon which Defendant had been lying. In all, police found 69.21 grams of cocaine base and 27 grams of cocaine powder, as confirmed by the West Virginia State Police Laboratory. Sgt. Cook testified the drugs were found in amounts indicating there was an intent to distribute.

Defendant testified that she heard Sgt. Cook's testimony and did not disagree with any of that testimony. Thereupon, Defendant, Angel Wimbs, with the consent of her counsel, Ernest Skaggs, proceeded to enter a verbal plea of **GUILTY** to the felony charge contained in the one-count Information.

The undersigned Magistrate Judge then inquired of Defendant what she did that made her believe she was guilty of the offense charged in the one-count Information. Defendant testified that on July 25, 2006, Alonzo Grier and Ashley Stafford asked her to "give somebody the drugs while

they went to the WalMart." They told Defendant that someone might be coming to the residence to pick the drugs up while they were gone, and asked if she would give the drugs to him. She said that she would. They left the drugs on the floor.

Based upon the testimony of Sgt. Cook, the undersigned United States Magistrate Judge finds there is an independent basis in fact for Defendant's plea of Guilty to the one-count Information. This finding is supported by Defendant's allocution and the parties' stipulation.

Upon consideration of all of the above, the undersigned Magistrate Judge finds that Defendant is fully competent and capable of entering an informed plea; Defendant is aware of and understood her right to have an Article III Judge hear her plea and elected to voluntarily consent to the undersigned United States Magistrate Judge hearing her plea; Defendant knowingly and voluntarily waived her right to proceed by Indictment and elected to proceed by Information; Defendant understood the charges against her; Defendant understood the consequences of her plea of guilty; Defendant made a knowing and voluntary plea; and Defendant's plea is supported by the testimony of Sgt. Cook as well as by Defendant's own allocution and the parties' stipulation..

The undersigned United States Magistrate Judge therefore recommends Defendant's plea of guilty to the felony charge contained in the one-count Information herein be accepted conditioned upon the Court's receipt and review of this Report and Recommendation and a Pre-Sentence Investigation Report, and that the Defendant be adjudged guilty on said charge as contained in said one-count Information and have sentence imposed accordingly.

The undersigned further directs that a pre-sentence investigation report be prepared by the adult probation officer assigned to this case.

Any party may, within ten (10) days after being served with a copy of this Report and

Recommendation, file with the Clerk of the Court written objections identifying the portions of the Report and Recommendation to which objection is made, and the basis for such objection. A copy of such objections should also be submitted to the Honorable Irene M. Keeley, Chief United States District Judge. Failure to timely file objections to the Report and Recommendation set forth above will result in waiver of the right to appeal from a judgment of this Court based upon such report and recommendation. 28 U.S.C. § 636(b)(1); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); Thomas v. Arn, 474 U.S. 140 (1985).

Defendant is remanded to the custody of the United States Marshal pending further proceedings in this case.

The Clerk of the Court is directed to send a copy of this Report and Recommendation to counsel of record.

Respectfully submitted this 21st day of February, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE